CONNOR v. ASHLEY.

1. RES JUDICATA—COUNSEL FEE—ACTION AT LAW.—Where an attorney prosecutes a suit in equity in behalf of minors, and recovers judgment for his clients, and a proper fee to the attorney is ascertained and adjudicated in

that proceeding, and the master is directed to pay the same out of the sum paid to him on this judgment, such attorney cannot afterwards, without allegation of inability to obtain satisfaction of the equity decree, bring action at law on a *quantum meruit*, to recover a fee from his former clients for the services so rendered.

2. Appeal Record—Facts.—Facts not appearing in the "Case," but only in the argument of counsel, cannot be considered on appeal.

3. Case Criticised.—This case distinguished from Akers *v.* Rowan, 36 S. C., 87.

Before Fraser, J., Barnwell, March, 1893.

Action by A. B. Connor against Mary M. Ashley and Harriet I. Ashley.

*Messrs. Howell, Murphy & Farrow*, for appellant.

*Messrs. Patterson & Holman* and *F. W. Capers, jr.*, contra.

March 12, 1894. The opinion of the court was delivered by

Mr. Chief Justice McIver. The plaintiff brings this action to recover, as on a *quantum meruit*, his fee as an attorney at law, for prosecuting a claim in favor of the defendants, who were then minors, against the executor of William Ashley, deceased. In that case, it seems that the plaintiff herein did prosecute said claim and recovered a judgment in favor of the defendants herein, for the sum of two thousand dollars, amongst other things; and by the decree rendered in that case the said executor was required to pay to the master, within ninety days, the said sum of money, together with the costs of that action, and that out of said fund the master do pay to the plaintiff herein the fee for his services, as reported by the master; that officer having made a separate report, which was confirmed by the Circuit Judge, recommending that a fee of five hundred dollars be paid to the plaintiff herein for his professional services in the former case.

The Circuit Judge, while expressing himself as satisfied that the services charged for had been rendered by the plaintiff and were reasonably worth the sum claimed, and that the fee had not been paid to the plaintiff herein, held "that when an attorney institutes a suit in behalf of minors, for an account-

ing against an executor of an estate in which they have an interest, and the suit is pressed by the attorney to a final judgment, and the attorney for the minors has the Court of Equity, in which the writ is conducted, to fix a fee for him in that behalf, and the propriety and justness of such fee is ascertained upon order of reference to the master, and the same is confirmed by the court, on motion of the attorney for the minors, and the source of payment is provided for in the final decree in the cause, that then, in such case, the attorney cannot maintain a suit upon a *quantum meruit,* on the law side of the court, to have a reasonable fee fixed for his services in such proceeding." Judgment was accordingly rendered dismissing the complaint, and from that judgment plaintiff appeals upon the several grounds set out in the record.

We must say that we concur in the view taken by the Circuit Judge. It will be observed that, from all that appears in the "Case," there is nothing to show that the order or decree of Judge Witherspoon, requiring the sum of two thousand dollars to be paid by the executor of Ashley to the master has not been complied with. If the money has been paid to the master, then the plaintiff's remedy is against that officer; but if it has not been paid to the master, then it was the duty of the plaintiff, both to his clients as well as to himself, to have instituted proper proceedings against the executor to compel compliance with Judge Witherspoon's order. It is true that it is stated, *in the argument of appellant's counsel,* that "the money was never paid into the master, and the plaintiff as attorney ruled the defendant Holman (the executor of Ashley) before the judge who rendered the decree; and it appearing that the most of the two thousand dollars had been paid by him directly to the Misses Ashley (then having attained their majority), and further that Holman was insolvent, the rule was discharged." But, as has been often held, we cannot take any notice of any facts not appearing in the "Case" as prepared for argument here, unless such facts are admitted on the hearing in this court, which was not done in this instance, and must base our judgment only upon the facts appearing in the "Case."

Here we find the plaintiff suing on a claim for which he has already recovered a judgment in a former forum of his own selection, without any evidence, or even allegation, that he has been unable, without any fault on his part, to obtain satisfaction of his judgment already obtained. Whether the plaintiff could, by any other allegations or proofs, entitle himself to the judgment he now seeks, is a question upon which we do not propose to intimate any opinion whatever, as that matter is not now before us. All that we have any authority to do is to render judgment upon the allegations and proofs properly submitted to us; and upon them it is too plain for argument that there was no error on the part of the Circuit Judge in dismissing the complaint.

The case of *Akers* v. *Rowan*, 36 S. C., 87, relied upon by appellant's counsel, is not applicable here, for there this court held that there was no previous judgment upon the point last presented, while here there was, undoubtedly, a previous judgment of a competent tribunal on the very same claim sued upon here, which, for anything that appears in the present case to the contrary, may still be enforced.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.